**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO PENA CASTILLO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   15-71701<br><br>Agency No. A205-526-997<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Alejandro Pena Castillo, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").  We have jurisdiction

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that the threat of harm Pena Castillo experienced in Mexico did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found this incident sufficient to establish past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original).  As to his fear of future harm, Pena Castillo does not contest the agency's conclusion that he failed to demonstrate it would be unreasonable for him to relocate within Mexico.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).  Thus, we deny the petition as to Pena Castillo's withhold of removal claim.

Substantial evidence also supports the agency's denial of CAT relief because Pena Castillo failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Mexican government.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (finding that petitioner's claims of possible torture were speculative and therefore did not compel reversal).

**PETITION FOR REVIEW DENIED.**

2                                                                      15-71701